J-S10028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAUL PARKS | |
| Appellant | No. 1840 EDA 2018 |

Appeal from the PCRA Order entered June 1, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0703321-2004

BEFORE:  GANTMAN, P.J.E, STABILE, and COLINS,* JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 16, 2019**

Appellant, Paul Parks, appeals *pro se* from the June 1, 2018 order entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his third petition for collateral relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Appellant claims the Commonwealth failed to disclose, in violation of **Brady v. Maryland**, 373 U.S. 83 (1963), that charges against a prosecution witness had been nolle prossed prior to Appellant's 2005 trial.  He contends he was unaware that the charges were nolle prossed until January 17, 2018.  Following review, we affirm.

The PCRA judge, who presided over Appellant's 2005 trials as well as his first two PCRA proceedings, provided the following procedural history:

> On December 19, 2005, following a jury trial[1] before this court, [Appellant] was found guilty of first-degree murder [18 Pa.C.S.A.

* Retired Senior Judge assigned to the Superior Court.

§ 2502(a)] and criminal conspiracy [18 Pa.C.S.A. § 903]. Post-sentence motions were filed on March 13, 2006, and denied by operation of law on July 12, 2006. Superior Court affirmed [Appellant's] judgment of sentence on September 10, 2007. On July 10, 2008, our Supreme Court denied [Appellant's] petition for allowance of appeal. [Appellant] filed a timely *pro se* [PCRA] petition on June 19, 2009. After counsel was appointed to represent [Appellant] for his PCRA proceedings, [Appellant] requested to proceed *pro se* on December 9, 2009. On February 8, 2010, this court held a **Grazier**[1] hearing and determined that [Appellant] was knowingly, intelligently, and voluntarily waiving his right to counsel. That same date, this court ordered [Appellant] to file an amended *pro se* PCRA petition[.]

> [1] Appellant was originally tried in June 2005, but this court declared a mistrial by agreement of both parties when the jury was unable to reach a verdict as to the two charges for which [Appellant] was ultimately convicted. [Appellant's] sole claim in the instant petition concerned the testimony of a witness, Malik Mustafa, whose testimony differed between [Appellant's] first and second trials.

PCRA Court Opinion, 8/2/18, at 1-2 (additional footnotes and some capitalization omitted). Appellant filed an amended *pro se* petition as ordered and the Commonwealth responded with a motion to dismiss. Ultimately, the PCRA court conducted an evidentiary hearing on a single claim of trial counsel ineffectiveness relating to failure to call a witness to testify as to Appellant's non-violent character. In accordance with Pa.R.Crim.P. 904(D),[2] counsel was appointed to represent Appellant solely for that evidentiary hearing.

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[2] Pa.R.Crim.P. 904(D) provides: "On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required

Following the evidentiary hearing, the PCRA court advised Appellant that the litigated issue was without merit. Upon consideration of the remaining claims, the court determined they were likewise without merit and issued a Rule 907 notice of intention to dismiss and, subsequently, an order dismissing the petition. Appellant filed an appeal to this Court and we affirmed. On November 5, 2014, our Supreme Court denied Appellant's petition for allowance of appeal.

On December 19, 2014, Appellant filed a second PCRA petition based on alleged newly-discovered facts relating to an eyewitness to the shooting for which Appellant was convicted. The PCRA court granted Appellant a hearing on the petition and again appointed counsel in accordance with Pa.R.Crim.P. 904(D) for purposes of the hearing only. Following the filing of an amended petition and the Commonwealth's response, Appellant communicated to the court that he was displeased with counsel. The court ordered removal of counsel and appointment of new counsel. On the date of the hearing, Appellant's witness failed to appear. The court granted a continuance based on appointed counsel's representation that Appellant would present other witnesses. Appellant sought to withdraw his petition based on lack of witness cooperation and his conclusion that other witnesses would not provide helpful

as provided in Rule 908, the judge shall appoint counsel to represent the defendant."

- 3 -

information. The PCRA court granted his motion to withdraw and provided

Appellant the opportunity to notify the court within 30 days in the event he

reconsidered. Appellant did not provide any such notice to the court.

On January 29, 2018, Appellant filed the instant *pro se* PCRA petition,

his third. Following review, the court determined the petition did not satisfy

any exception to the PCRA's timeliness requirements and, on May 2, 2018,

issued a Rule 907 notice. The court noted:

> [A]s the information indicating that the Commonwealth declined
> to pursue charges against Mustafa was ascertainable to
> [Appellant] by the application of due diligence at the time of his
> December 2005 trial, this claim fails to satisfy the timeliness
> exception for newly-discovered facts and is thus untimely.
> Therefore, this court lacks jurisdiction over [Appellant's] petition.

PCRA Court Rule 907 Notice, 5/1/18, at 5 (capitalization omitted).

In response to the notice, Appellant submitted a letter suggesting that

**Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017), applied to him as an

incarcerated *pro se* prisoner and, in essence, defeated any due diligence

argument with respect to "public record" information. Letter in Response to

Rule 907 Notice, 5/21/18, at 1.[3] The court considered Appellant's response

and determined it failed to cure the timeliness defect. Therefore, on June 1,

2018, the court issued its order dismissing the petition as untimely. This

---

[3] In **Burton**, our Supreme Court held that "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) *does not apply* to *pro se* prisoner petitioners." **Id.** at 638 (emphasis in original).

timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant asks us to consider one issue in this appeal:

I.      Whether the PCRA court erred by denying Appellant's **Brady** claim concluding that Appellant's PCRA petition was untimely on the premise that Appellant did not exercise due diligence to discover that Malik Mustafa had charges nolle prosse[d] prior to Appellant's second trial and **Burton** specifically, precluded the public record rule to apply to incarcerated pro se defendants?

Appellant's Brief at 5.

Our standard of review from the denial of PCRA relief is well settled. "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

As this Court explained in **Commonwealth v. Johnston**, 42 A.3d 1120 (Pa. Super. 2012),

As a threshold jurisdictional matter, however, the timeliness of the PCRA petition must be addressed. 42 Pa.C.S. § 9545(b) sets forth the time limitations for filing of a PCRA petition as follows:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

- 5 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).

Petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. **Commonwealth v. Perrin**, 947 A.2d 1284 (Pa. Super. 2008); **Commonwealth v. Geer**, 936 A.2d 1075, 1078–1079 (Pa. Super. 2007). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Perrin**, 947 A.2d at 1285.

**Id.** at 1126. **See also Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1267-68 (Pa. 2008) ("The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed.").

As reflected in the procedural history, our Supreme Court denied Appellant's petition for allowance of appeal on direct appeal on July 10, 2008. He did not seek a writ of certiorari from the United States Supreme Court. Therefore, his judgment of sentence was final 90 days later, on October 9, 2008. *See* U.S.Sup.Ct.R. 13. In accordance with the PCRA, Appellant was required to file any PCRA petition on or before October 9, 2009, unless his petition alleged and proved an exception to the PCRA's timeliness requirements. Appellant's instant petition was filed on January 29, 2018, more than eight years after his judgment of sentence became final. Therefore, Appellant's petition is facially untimely and we may not consider the merits, if any, of the petition unless he has presented and proved an exception to the PCRA's timeliness requirement. 42 Pa.C.S.A. § 9545(b)(1).

Here, Appellant suggests his claim is saved from the PCRA's time bar based on the newly-discovered fact exception of Section 9545(b)(1)(ii). Appellant maintains that "[o]n January 17, 2018, [he] received a court summary from his sister (Keisha Parks) that depict [*sic*] that Malik Mustafa had charges nolle prossed on August 12, 2005 that was not disclosed during [Appellant's] trial in December 2005." Appellant's Third PCRA Petition, 1/29/18, at ¶ 12.[4]

---

[4] It is not disputed that Appellant's petition was filed within 60 days of January 17, 2018. *See* 42 Pa.C.S.A. § 9545(b)(2).

Appellant argues the Commonwealth failed to disclose that Mustafa's charges were nolle prossed and that he should be a granted a new trial because the jury should have known the maximum penalties Mustafa faced and "the potential for expectation of leniency." *Id.* at ¶ 24 (citing *Commonwealth v. Evans*, 512 A.2d 626 (Pa. 1986)).[5] However, as the PCRA court recognized:

> [Appellant] provided no evidence, short of his bare assertion, that the Commonwealth's decision to drop pending charges against Mustafa bore any relation to Mustafa's anticipated testimony at [Appellant's] December 2005 retrial. The mere fact alone that the Commonwealth elected not to pursue the charges against Mustafa did not support an inference that the Commonwealth had some unofficial, undisclosed agreement with Mustafa with respect to his testimony.

PCRA Court Opinion, 8/2/18, at 8-9.

The court cited an exchange between the prosecution and Mustafa at Appellant's first trial, noting the prosecution questioned Mustafa about his criminal history, including the fact he was incarcerated and awaiting trial on

---

[5] In *Evans*, our Supreme Court held:

> [T]he right guaranteed by Art. I Section 9 of the Pennsylvania Constitution to confront witnesses against a defendant in a criminal case entails that a criminal defendant must be permitted to challenge a witness's self-interest by questioning him about possible or actual favored treatment by the prosecuting authority in the case at bar, or in any other non-final matter involving the same prosecuting authority.

*Id.* at 632.

charges of auto theft. *Id.* at 10 (citing Notes of Testimony, 6/15/05, at 62-63). The court then recounted an exchange that took place during Mustafa's testimony at Appellant's second trial:

COMMONWEATLH: Do you have any open cases at this time?

MUSTAFA: No.

COMMONWEALTH: And you've had convictions in the past for dealing drugs; is that correct?

MUSTAFA: Yes.

COMMONWEALTH: Are you being promised anything by the District Attorney's Office to testify here today in court?

MUSTAFA: No.

COMMONWEALTH: Did I promise you I would do something about your sentence or anything like that, try to get you out sooner?

MUSTAFA: No.

COMMONWEATLH: In fact, do you want to be here today?

MUSTAFA: No, I don't.

*Id.* at 11 (quoting Notes of Testimony, 12/14/05, at 106-07). As the testimony revealed, Mustafa was awaiting trial on auto theft charges at the time of the June 2005 trial but had no open charges pending at the time of the December 2005 trial. There is no suggestion that trial counsel was prevented from asking Mustafa about the disposition of the charges or about any favorable treatment, including nolle prossing of charges, he might have received in exchange for his testimony at Appellant's December 2005 trial.

We further note that Appellant's petition, which did not mention **Burton**, is silent as to why he was unable to ascertain information regarding the nolle prossed charges through the exercise of due diligence and does not even suggest that any efforts were untaken to obtain information. Rather, the petition simply indicates that Appellant was not aware the charges were nolle prossed until January of 2018. As the PCRA court recognized,

> More than a decade has passed since [Appellant's] trial, yet [Appellant] failed to establish why he could not have raised a claim related to Mustafa's criminal history any sooner, or even prove that this information was not publicly assessable prior to his second trial. Therefore, [Appellant's] claim failed to meet his burden of proof to satisfy the due diligence requirements of either the timeliness exception for newly-discovered facts or governmental interference.

**Id.** at 9.

The PCRA court also observed that Appellant first offered **Burton** as a substitute for the otherwise-applicable due diligence requirement in response to the court's Rule 907 notice. "However, the record makes clear that the facts underlying [Appellant's] claim were ascertainable with the exercise of due diligence *at the time of [Appellant's] December 2005 retrial*, before [Appellant] became incarcerated and while [Appellant] was still represented by counsel." **Id.** at 9-10 (emphasis in original).

We find the PCRA court's findings are supported by the record and free of legal error. Therefore, we shall not disturb the court's order dismissing Appellant's third PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/19